IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JACK STONE,<br><br>      Plaintiff,<br><br>vs.<br><br>HAWAII DEPARTMENT OF<br>EDUCATION, *et al.*,<br><br>      Defendants. | CIVIL NO. 17-00223 DKW-RLP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## **INTRODUCTION**

On May 17, 2017, Plaintiff Jack Stone, proceeding pro se, filed a Complaint against the State of Hawaii Department of Education ("DOE") and its Superintendent, Kathryn Matayoshi, and an Application to proceed *in forma pauperis* ("IFP Application"). Stone alleges that the DOE denied him employment as a teacher in violation of 42 U.S.C. § 1981(a) and the Fourteenth Amendment's Equal Protection Clause, and seeks $250,000 in compensatory and punitive damages. Because the Complaint fails to plausibly state a claim for discrimination or retaliation against any defendant, however, the Court DISMISSES the Complaint and GRANTS Stone leave to file an amended complaint in accordance with the terms of this order by no later than June 26, 2017. The Court GRANTS the IFP

Application, as discussed more fully below.[1]

**DISCUSSION**

Because Stone is appearing pro se, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

**I.  Plaintiff's IFP Application Is Granted**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

(9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to Section 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc*., 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Stone's IFP Application indicates that he is not currently employed, earns no income from wages, and has two dependents. He receives $1,248 per month in unemployment benefits, which expire within six months. Based upon the IFP Application, Stone's income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2017 Poverty Guidelines. *See* 2017 HHS Poverty Guidelines, https://www.federalregister.gov/documents/ 2017/01/31/2017-02076/annual-update-of-the-hhs-poverty-guidelines. Accordingly, the Court finds that Stone has made the required showing under Section 1915 to proceed without prepayment of fees, and GRANTS his IFP Application.

## II. Plaintiff's Complaint Is Dismissed With Limited Leave to Amend

Upon review of the Complaint, the Court finds that Stone fails to state a claim for violation of 42 U.S.C. § 1981(a) or the Equal Protection Clause of the Fourteenth Amendment. Liberally construing his allegations to also include possible claims for employment discrimination and retaliation under federal law, the Court further finds that Stone fails to demonstrate that he exhausted his administrative remedies. The Court grants Stone leave to file an amended complaint, with instructions below.

### A. Standard of Review

The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Because Stone is appearing pro se, the Court liberally construes the Complaint.

The Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]"

A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of

misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

B. <u>**The Complaint Fails To State A Claim For Relief**</u>

Based on the Court's preliminary screening, it appears that Stone seeks to overturn the DOE's hiring decision and obtain damages under federal laws intended to prevent discrimination and ensure equal protection under the law. He fails, however, to assert that he is a member of any protected class, that any defendant discriminated against him based upon membership in a protected class, or that any defendant retaliated against him for engaging in protected conduct. To be clear, for instance, Stone does not allege his race, gender, or religion, or that any of those characteristics played any role in the DOE's decision not to hire him. Rather, the allegations demonstrate that he is simply dissatisfied with his non-selection for a DOE position. In short, the Complaint fails to provide sufficient factual content to enable the Court to draw the reasonable inference that any defendant is liable for the misconduct alleged.

Stone asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, based upon violations of 42 U.S.C. § 1981(a)[2] and the Equal

---

[2] Section 1981 provides, in part, that "all persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a). "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); *see also Kaulia v. Cty. of Maui,*

Protection Clause of the Fourteenth Amendment.[3]  Complaint at 4, Dkt. No. 1.  In the Complaint, Stone states that he "is an American citizen that currently resides in Chigasaki, Japan.  [He] has been applying for a teaching position with the [DOE] since December of 2016, and which was to begin on July 1st, 2017.  [Stone] received notice that the state-level intake interview conducted on 3.9.17 resulted in 'less than satisfactory' results."  Complaint Suppl. Statement at 2, Dkt. No. 2.  Stone further alleges, in part, that—

> From the initial stage of applying for a teaching position, to the final interview, the petitioner had to deal with people who were incompetent, and did not have the requisite skills required for the position they were employed at.  Due to the reasons stated herein, the petitioner cannot accept the denial of having his name included in the teacher's database for schools to consider hiring petitioner as a prospective teacher.  The petitioner will also not accept any derogatory information placed in his database file because of bringing this action.

---

*Dep't of Pub. Works & Waste Mgmt.*, 504 F. Supp. 2d 969, 980 (D. Haw. 2007) ("Section 1981 'outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment.'") (quoting *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206 (2d Cir. 2004)).

[3] The Court construes Stone's claim for violation of the Equal Protection Clause as brought pursuant to 42 U.S.C. § 1983.  *See Azul–Pacifico, Inc. v. Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (Explaining that there is "no cause of action directly under the United States Constitution. . . . [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.") (citations omitted); *Motoyama v. Hawaii, Dep't of Transp.*, 864 F. Supp. 2d 965, 992 (D. Haw. 2012), *aff'd*, 584 F. App'x 399 (9th Cir. 2014) ("[T]here is no direct cause of action under the United States Constitution and . . . a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.").  To state a claim under Section 1983, a plaintiff must demonstrate that: (1) the action occurred under color of state law, and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right.  *See McDade v. West*, 223 F.3d 1135 (9th Cir. 2000).  The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.

Finally, the [DOE]'s Professional Development & Educational Research Institute sent the petitioner a communication on 2.3.17 That communication stated that he would be added to the list of applicants for the next cohort of Hawaii Certification Institute of School Leaders.  This is a two-year training position for administrative positions within the [DOE], with a salary more than double that of a teacher.  This is what the petitioner was mostly interested in, and was willing to work for as a teacher during said training period.  Clearly, the damages of being denied employment with the [DOE] are apparent here.

\*\*\*\*

Prior to the final interview it had already been communicated to the petitioner, by the [DOE] that he would be placed behind nearly every other applicant, regardless of the fact that those applicants were similarly situated, as they too would not have a Hawaii teacher's license, and be considered as emergency hires.  The petitioner rejected that communication, and provided a detailed statement as to how that determination violated federal law.  The recruitment department made that wrongful determination because they were planning to go to six states in the U.S. mainland, and attempt to recruit.  Those recruits would be new university graduates, have no Hawaii teacher's license, yet unlike the petitioner, no teaching experience.  In that, the recruitment department intended to give priority, preferential treatment, and better employment opportunities to those they were hoping to hire through their recruitment efforts.  Such actions violate the Equal Protection Clause of the XIV Amendment, and should be subjected to strict scrutiny.

\*\*\*\*

The petitioner sent a statement to [DOE] superintendent Kathryn Matayoshi, and also made several phone calls to her.  The petitioner received no response. . . . The petitioner mailed a statement to superintendent Matayoshi at the following address: State of Hawaii Department of Education, 1390 Miller St. Honolulu, HI 96813.  The petitioner received no response.

> The Hawaii Department of Education should understand that ignoring communications result in litigation, and inevitably lead to suits, which the petitioner has attempted to avoid.
>
> The damage stated herein is clear. The petitioner applied early and sought without delay the inclusion of his name in the teacher database so schools in Hawaii could consider him for a teaching position. The petitioner was denied an employment opportunity, and told to "reply" again after September 2017, which is well beyond the training period, which begins on July 1st, 2017. The petitioner was up for consideration for a cohort, administrative, two-year training position. As a result of the recruitment department's decision, the petitioner lost that opportunity.

Complaint Suppl. Statement at 9-12. As a result of the injuries allegedly inflicted, Stone seeks the following relief:

> a specific performance order compelling the [DOE] to place petitioner's information in the Teacher Applicant Pool, and to provide the cohort training petitioner had sought. The petitioner seeks damages, including punitive damages for misrepresentation, intentional infliction of emotional distress, discrimination, conduct which is retaliatory in nature, power harassment, and loss of earnings.

Complaint Suppl. Statement at 13.

The Complaint suffers from several deficiencies. First, Stone fails to state a claim under Section 1981(a) or Section 1983 against the DOE or Matayoshi in her official capacity, to the extent he seeks monetary damages. Claims for damages against the State of Hawaii DOE, Matayoshi, or other state officials acting in their official capacities, are barred by the Eleventh Amendment. *See Will v. Mich. Dep't*

*State Police*, 491 U.S. 58, 71 (1989); *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Linville v. Hawaii*, 874 F. Supp. 1095, 1103 (D. Haw. 1994) (State of Hawaii has not waived its sovereign immunity for civil rights actions brought in federal court); *Sherez v. Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142-43 (D. Haw. 2005) (dismissing claims against state agency and state official in his official capacity based on Eleventh Amendment immunity).

Moreover, to the extent he seeks to state a claim against Matayoshi in her individual capacity, Stone fails to allege that she personally participated in the alleged wrongdoing. To be held individually liable under Section 1981 or Section 1983, an individual must personally participate in the discriminatory act or constitutional violation. *See Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 75 (2d Cir. 2000) ("[I]n order to make out a claim for individual liability under § 1981, a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action.") (quotation marks and citations omitted); *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 753 (7th Cir. 1985) (noting that no personal liability can be imposed on a corporate official "when that official is not alleged to have participated in the actual discrimination against the plaintiff"); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (Under Section 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his or

her rights.); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976) (A plaintiff must allege that he or she suffered a specific injury as a result of the conduct of a particular defendant, and must allege an affirmative link between the injury and the conduct of that defendant.). Stone offers no facts showing that Matayoshi personally participated in or directed any subordinate's actions causing his alleged injuries, or in any other alleged violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

Second, Stone fails to allege the basic elements of a Section 1981(a) claim or a Section 1983 claim for violation of his equal protection rights. Nowhere does he allege—either directly or by facts from which it may be inferred—that he was discriminated against based upon his race, gender, national origin, or any other protected reason. Section 1981 prohibits discrimination on the basis of race in the "benefits, privileges, terms and conditions" of employment. 42 U.S.C. § 1981(b); *Surrell v. Calif. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008) ("When analyzing § 1981 claims, we apply the same legal principles as those applicable in a Title VII disparate treatment case."). The prima facie elements of a disparate treatment claim under Section 1981 are: (1) membership by a plaintiff in a protected class; (2) satisfaction by the plaintiff of the qualifications for the position in issue; (3) an adverse employment action; and (4) more favorable treatment of similarly situated individuals outside the plaintiff's protected class. *See Davis v. Team Elec.*

*Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). Stone fails to allege that he is a member of a protected class or that he was treated less favorably than similarly situated individuals outside of his protected class.

With respect to his equal protection claim, Stone likewise fails to meet the threshold requirements of a Section 1983 claim. As discussed above, he fails to allege that any "person" acting under color of law deprived him of a right secured by federal law based on the DOE and Matayoshi's sovereign immunity under the Eleventh Amendment. *See Will*, 491 U.S. at 71. Moreover, Stone does not allege intentional discrimination by any defendant based upon his membership in a protected class. *See The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009) ("[P]laintiffs must show that actions of the defendants had a discriminatory impact, and that defendants acted with an intent or purpose to discriminate based upon plaintiffs' membership in a protected class.") (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 686–87 (9th Cir. 2001)); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (To state a viable equal protection claim, a plaintiff "must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. . . Intentional discrimination means that a defendant acted at least in part

because of a plaintiff's protected status.") (citation and emphasis omitted).[4] Stone fails to allege intent or purpose to discriminate against him based upon membership in a protected class.

Last, although not expressly alleged, to the extent Stone attempts to state a discrimination or retaliation claim under federal employment statutes, such as Title VII, he likewise fails to state a claim. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based on race, color, religion, sex or national origin. 42 U.S.C. § 2000e *et seq*. "Title VII's anti-retaliation provision forbids employer actions that discriminate against an employee . . . because he has opposed a practice that Title VII forbids or has made a charge, testified, assisted, or participated in a Title VII investigation, proceeding, or hearing." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006) (citations omitted).[5] The Complaint does not allege that any defendant either discriminated or retaliated against Stone on the basis of any of these protected classifications or conduct. His

---

[4]Alternatively, if the claims do not involve a suspect classification, a plaintiff can establish an equal protection "class of one" claim by alleging that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004). Stone fails to sufficiently allege a class of one claim where the other applicants placed ahead of him in line, who allegedly received "preferential treatment and better employment opportunities," were not similarly situated. Complaint Suppl. Statement at 11.

[5]To make a prima facie showing of retaliation under Title VII, a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant took an adverse action against the him; and (3) there was a causal link between his involvement in the protected activity and the adverse personnel action undertaken by the defendant. *See Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1124 (9th Cir. 2004).

retaliation claim insufficiently alleges any protected activity or that he was not hired because of any report he made to the DOE—in fact, he does not state when he reported a complaint to the DOE or when the DOE retaliated against him for such a report. *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (The "opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation."). Nor does Stone make any showing that he even attempted to exhaust his administrative remedies before filing the instant civil action. Under Title VII, a plaintiff must exhaust his or her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge, prior to filing suit in federal court. 42 U.S.C. § 2000e–5(b); *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002). The purpose of the exhaustion requirement is twofold: to give notice of the alleged violation so as to allow the agency to fix the problem if applicable, and to give the EEOC and/or agency a chance to investigate and possibly informally resolve the claim. *See B.K.B.*, 276 F.3d at 1099. Accordingly, Stone both fails to establish that he exhausted his administrative remedies as a prerequisite generally necessary to establish the Court's jurisdiction and also fails to state a claim for discrimination or retaliation under federal law.

Because Stone fails to state a plausible claim for relief, the Complaint is

DISMISSED. Because amendment *may* be possible, dismissal is with leave to amend, as detailed below.

## III. Leave To Amend

The dismissal of the Complaint is without prejudice, and Stone is granted leave to amend to attempt to cure the deficiencies identified above. If Stone chooses to file an amended complaint, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional or statutory right Plaintiff believes was violated; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily

dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Failure to file an amended complaint by **June 26, 2017** will result in the automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based upon the foregoing, the Complaint is DISMISSED with limited leave to amend, and the IFP Application is GRANTED.

Stone is granted limited leave to file an amended complaint in accordance with the terms of this order by no later than **June 26, 2017**. The Court CAUTIONS Stone that failure to file an amended complaint by **June 26, 2017** will result in the automatic dismissal of this action without prejudice.

//

//

//

IT IS SO ORDERED.

Dated: May 22, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Stone v. Haw. Dep't. of Educ., et al.*; Civil No. 17-00223 DKW-RLP; **ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**